James M. Byrne (SBN 098038)
Noreen Byrne (SBN 287613)
The Law Office of James M. Byrne
1374 Pacific Avenue
San Francisco, CA 94109
Tel:  (415)777-4444
Fax:  (415)346-4141

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IFONTENOY ENGINEERING, INC. MARK GOAN,<br>         Plaintiffs,<br><br>         vs.<br><br>KATHY BARAN, CALIFORNIA SERVICE CENTER, U.S. CITIZENSHIP AND IMMIGRATION SERVICES;  LEE FRANCIS CISSNA, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY;  KIRSTJEN NIELSEN, SECRETARY<br><br>         Defendants. | **No.**<br><br>**COMPLAINT FOR WRIT OF <br>MANDAMUS AND DECLARATORY <br>AND INJUNCTIVE RELIEF** |

Plaintiffs, Fontenoy Engineering, a California Corporation (hereafter "Fontenoy") and Mark Goan (collectively, hereafter "Plaintiffs"), by and through this complaint, allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, Fontenoy, is a general engineering contractor based in San Francisco, CA, specializing in underground utility construction. Fontenoy intends to employ Plaintiff, Mark Goan a native and citizen of Ireland, in the specialty occupation of Civil Engineer (Energy) and accordingly petitioned the United States Citizenship and Immigration Service (hereafter

COMPLAINT FOR WRIT OF MANDAMUS AND PRELIMINARY INJUNCTIVE RELIEF

"USCIS") for a H1-B visa on his behalf. A successful application would result in Mr. Goan obtaining H-1B status under the Immigration and Naturalization Act ("I.N.A.") §101(a)(15)(H)(i), 8 U.S.C. §1101(a)(15)(H)(i).

## JURISDICTION

5. The Court has jurisdiction to review USICS's decision to deny Plaintiff's petition to classify the beneficiary as a temporary worker of distinguished merit and ability, as it is a as a civil question arising under the Constitution, laws, or treaties of the United States. 8 U.S.C. §1329; 28 U.S.C §1331. Jurisdiction is also conferred by the Administrative Procedures Act, 5 U.S.C. §551et seq.

The scope of judicial review in cases of denial of a visa petition is limited to a determination of whether the decision was "arbitrary, capricious, or an abuse of discretion or otherwise not in accordance with the law…" 5 U.S.C. §706(2)(a); *Occidental Engineering Co. v. INS*, 753 F,2d 766 (9th Cir. 1985).

Abuse of discretion may be found if there is no evidence to support that decision or if the decision is based on an improper understanding of the law. *Id*. Such reliance by USCIS on also renders the decision arbitrary, capricious, and an abuse of discretion. *Wilson v. Smith*, 587 F.Supp. 470 (D.C.D.C 1984).

## VENUE

6. Venue is properly in this district pursuant to 28 U.S.C. §1391(e) because the defendant is an officer or employee of the United States.

## STANDING

7. As a corporation that has been "adversely affected or aggrieved by agency action," Plaintiffs have standing and are entitled to judicial review under the Administrative Procedures Act, 5 U.S.C. §§ 702, 706. Plaintiffs have incurred a sufficient injury in fact inflicted by the denial of the petition. The denial of the H-1B petition deprived Plaintiff, Fontenoy, of the ability to employ and reap the presumed benefits of employing Mr. Goan. *See Wong v. Napolitano*, 654 F. Supp. 2d 1184, 1189 (D. Oregon 2009); (collecting cases supporting the proposition that

"[b]ecuase the denial of [a] visa application would deprive the employer, each employee it would have hired absent the agency's action.").

## PARTIES

8. Plaintiff, Fontenoy, is a general engineering contractor specializing in underground utility construction.

9. Plaintiff, Mark Goan, a native and citizen of Ireland. He holds a Bachelor of Science degree from the Institute of Technology, Sligo and a Foundational degree from the Queen's University of Belfast.

10. Defendants are: the U.S. Department of Homeland Security; Kirstjen Nielsen, Secretary of the Department of Homeland Security; U.S. Citizenship and Immigration Services; L. Francis Cissna, Director of USCIS; Kathy Baran, Director of the USCIS for the California Service Center. The named Defendants are the proper parties and, as agencies of the United States Government, they are sued herein in their official capacity. Plaintiff alleges that the Defendant, Director Baran is head of the office that adjudicates immigrant visa petitions under §101(a)(15)(H)(i)(b) of the I.N.A., 8 U.S.C. § 1101(a)(15)(H)(i)(b). Defendant, the U.S. Department of Homeland Security, is responsible for the administration and enforcement of the INA. Defendant, Secretary Kirstjen Nielsen, is being sued in her official capacity as Head of the Department of Homeland Security, of which USCIS is a component.

## FACTS

10. On April 2, 2016, Plaintiff, Fontenoy, filed a Form I-129 petition seeking an H-1B visa to employ Mr. Goan in the specialty occupation of Civil Engineer (Energy). A successful application would result in changing Mr. Goan's status from J-1 to H-1B under INA §101(a)(15)(H)(i) of the INA, 8 U.S.C. §1101(a)(15)(H)(i) which would be valid August 31, 2019.

11. On or about October 5, 2016, USCIS issued to Fontenoy a Notice of Intent to Deny ("NOID") explaining that, in addition to its petition, another petitioner, JMB Construction, Inc, ("JMB"), had filed an H-1B petition on behalf of the same beneficiary. The NOID pointed out that both petitions were filed under the numerical limitation of section 214(g)(1)(A) of the Act,

COMPLAINT FOR WRIT OF MANDAMUS AND PRELIMINARY INJUNCTIVE RELIEF

and accused Fontenoy and the other petitioner of being related entities, requiring the denial of their separate petitions pursuant to 8 C.F.R. 214.2(h)(2)(i)(G). The NOID also made a second and third accusation, both related to "duplicate filing" and grounds for denial. Specifically, that the that the petitioner had not established that it a reasonable and creditable offer of employment existed and that no employer-employee relationship would exist between the petitioner and the beneficiary.

12. On or about November 4, 2016, Fontenoy responded to the NOID, denying that it and JMB are related entities, and in doing provided further evidence establishing its creditable offer of employment of a position with the requisite employer-employee relationship. The response to the NOID also included exhibits to substantiate and collaborate its position.

13. Then on or about December 13, 2016, USCIS denied the petition. The decision cited several grounds, each considered independent and alternative basis for the denial. First, USCIS determined that the entities were related, both having extended the same beneficiary two or more job offers for distinct positions without having a legitimate business, in violation of 8 CFR Section 214.2(h)(2)(i)(G). Next, the Director reasoned that because the Petitioner and JMB had both filed H-1B petitions for the same beneficiary, that it Petitioner did not have a credible offer of employment. Using that same reasoning, the Director then concluded that the Petitioner had failed to establish that it would have an Employer-Employee relationship with the beneficiary. Finally, although USCIS did not question the Beneficiary's qualifications in its NOID, the Director concluded that the Beneficiary was not qualified for the specialty occupation because the record failed to establish that the beneficiary's foreign degree related to the proffered position.

14. Following the denial, Plaintiff filed a Form I-290B Notice of Appeal with USCIS on or about January13, 2017 and submitted a brief of support of the appeal, with evidence, on February 10, 2017.

15. The Administrative Appeals Office ("AAO") issued its decision on August 1, 2017. The decision withdrew the Director's conclusions that the proffered position was not a specialty occupation and that the requisite employer-employee relationship did not exist. However, the

COMPLAINT FOR WRIT OF MANDAMUS AND PRELIMINARY INJUNCTIVE RELIEF

decision dismissed the appeal agreeing with the Director the Plaintiff and the other petitioner were "related entities" without a legitimate business need to file the H-1B petition.

16. Next, on September 1, 2017, Plaintiff filed a Form I-290B Notice of Appeal or Motion along with a brief in support of its Motion to Reopen and Reconsider with USCIS on or about September 1, 2017.

17. Most recently, on February 28, 2018, the AAO issued its decision, denying the Motions.

**FIRST CAUSE OF ACTION:**
**WRIT OF MANDAMUS**

18. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 17 above as though fully set forth herein.

19. Pursuant to §101(a)(15)(H)(i) of the Immigration and Nationality Act, 8 U.S.C. §1101(a)(15)(H)(i), Congress gave the USCIS, the power to administer the H-1B visa category.

20. Therefore a writ should be issued compelling the Defendant to approve Fontenoy's petition and extend Mr. Goan's status.

**SECOND CAUSE OF ACTION:**
**PRELIMINARY INJUNCTIVE RELIEF – TEMPORARY RESTRAINING ORDER**

20. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 19 above as though fully set forth herein.

21. Because Plaintiff Plaintiffs' case raises serious legal issues, with the balance of hardships tips strongly in their favor, this Court should grant a temporary restraining order to prevent Defendants from removing Mr. Goan prior to a decision on these matters.

**THIRD CAUSE OF ACTION:**
**DECLARITORY RELIEF**
**ADMINISTRATIVE PROCEDURES ACT**

22. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 21 above as though fully set forth herein.

23. By finding that plaintiff to be a "related entity" to the other petitioner even though Plaintiff had clearly provided enough evidence to establish itself as separate and unrelated and

COMPLAINT FOR WRIT OF MANDAMUS AND PRELIMINARY INJUNCTIVE RELIEF

therefore denying Plaintiff's I-129 petition, Defendants have acted in an arbitrary and capricious matter, in violation of the Administrative Procedures Act, 5 U.S.C. §701, *et seq*.

WHEREFORE, Plaintiff prays:

1. That this Court accept jurisdiction over this action;
2. That this Court issue a writ of mandamus and a temporary restraining order, preventing Defendants from removing Mr. Goan, and ordering the Defendants to have their agents approve Plaintiff's I-129 petition;
3. That this Court provide temporary status, allowing Mr. Goan to remain in the United States while these matters are still pending;
4. For reasonable attorney's fees, and;
5. For such other and further relief as this Court may deem proper.

Dated: June 6, 2018                                         Respectfully submitted,


                                                                                                                                       __/s/ James M. Byrne___

                                                                                                                                       JAMES M. BYRNE

EXHIBIT LIST:

   A. The H-1B petition filed by Fontenoy Engineering, Inc. on behalf of Mr. Mark Goan.

COMPLAINT FOR WRIT OF MANDAMUS AND PRELIMINARY INJUNCTIVE RELIEF

B. The Notice of Intent to Deny issued by USCIS, dated October 5, 2016.

C. Petitioner's response to the Notice of Intent to Deny, dated November 3, 2016.

D. The Notice of Decision issued by USCIS, dated December 13, 2016.

E. The I-290B Notice of Appeal, file by Fontenoy Engineering, Inc. along with the brief filed in its support.

F. The August 1, 2017 decision of the AAO denying the Appeal.

G. The I-290B Notice of Motion to Reopen and Reconsider, file by Fontenoy Engineering, Inc. along with the brief filed in its support.

H. The February 28, 2018 decision of the AAO denying the Motions.