# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**FONTENOY ENGINEERING, INC.**
**MARK GOAN,**

    **Plaintiffs,**

    **vs.**

**KATHY BARAN,** *et al.*,

    **Defendants.**

No. 18-cv-03361-DMR

**Plaintiffs' Motion for Summary Judgement**

## PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITES ......................................1-18

TABLE OF AUTHORITIES ...................................................................ii

I. SUMMARY OF FACTS ...............................................................1-6

II. PROCEDURE HISTORY.................................................................7

III. STANDARD & SCOPE OF REVIEW..........................................7-8

IV. ARGUMENT.............................................................................8-17

    A. The finding that Plaintiff was related to the other petitioner was based on an unauthorized interpretation of the regulation and is arbitrary, capricious, and incorrect and therefore must be set aside...........................................8-14

    B. The burden of proof applied in this case exceed the required "preponderance of the evidence" standard to make its findings, rendering the decision arbitrary, capricious, and incorrect and therefore must be set aside...................................................................................14-17

    C. The AAO applied an inappropriate standard in dismissing Plaintiff's Motion to Reopen rendering the decision arbitrary, capricious, and incorrect and therefore must be set aside. .................................................................17

VI.    CONCLUSION ...................................................17-18

CERTIFICATE OF SERVICE ...........................................................19

i

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) …......................................6-7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) …....................................................6

*Fence Creek Cattle Co. v. Forest Serv.*, 602 F.3d 1125 (9th Cir. 2010) ................7

*Judulang v. Holder*, 132 S.Ct. 476 (2011) ...........................................................7

*Matter of S-, Inc.* Adopted Decision 2018-02 (AAO Mar. 23, 2018)…..............13-14

*Matter of D-R- Inc.* (AAO  June 13, 2016) (Non-Precedent Decision)…..........11-12

*Matter of F-, Inc.* ID#17286 (AAO July 27, 2016) (Non-Precedent Decision).11-13

*Matter of Chawathe*, 25 I&N Dec. 369, 375-76 (AAO 2010)……………………14

*Nw. Motorcycle Ass'n v. U.S. Dep't Agric.*, 18 F.3d 1468 (9th Cir. 1994) .............7

**Statutes**

INA §101(a)(15)(H)(i)/8 U.S.C. §1101(a)(15)(H)(i) .............................................1

INA §214(g)(1)(A)………………………………………………………………1

5 § U.S.C. 706(2)(A) …………………………………………………………….7

**Regulations**

8 C.F.R. §103.5(a)(3) …………………………………………………………17

8 CFR §214(g)(3)(i)(G) ……………………………………………………1, 3, 5

8 C.F.R. § 214.2(h)(2)(i)(G) …………………………………………..7, 8, 14

Fed. R. Civ. P. 56(a) …………………………………………………………….6

## **PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT**

## I. SUMMARY OF FACTS

On April 2, 2016, Plaintiff, Fontenoy Engineer Inc. ("Fontenoy"), filed a Form I-129 petition seeking an H-1B visa to employ Mr. Goan in the specialty occupation of Civil Engineer (Energy). CAR 000168-000231. A successful application would result in changing Mr. Goan's status from J-1 to H-1B under INA §101(a)(15)(H)(i) of the INA, 8 U.S.C. §1101(a)(15)(H)(i) which would be valid through August 31, 2019.

On or about October 5, 2016, USCIS issued to Fontenoy a Notice of Intent to Deny ("NOID") explaining that, in addition to its petition, another petitioner, JMB Construction, Inc, ("JMB"), had filed an H-1B petition on behalf of the same beneficiary. CAR000232-000239.  The NOID pointed out that both petitions were filed under the numerical limitation of section §214(g)(1)(A) of the Act, and accused Fontenoy and the other petitioner, JMB Construction, Inc. of being related entities, without legitimate business need to both file petitions for the same beneficiary in violation of 8 CFR §214(g)(3)(i)(G) . CAR000235-000234. The NOID states the entire text of 8 CFR §214(g)(3)(i)(G), as well as an excerpt of the Federal Register regarding the intent of this regulation. CAR000234-0000235. In the regulation and the Federal Register, related entities are described with the examples of "such as a parent, subsidiary or affiliate". CAR000234-0000235. Also because of the alleged relationship with JMB Construction, the NOID accuses Plaintiff of not making a creditable offer of employment to the beneficiary, nor having the requisite employer-employee relationship. CAR 000235-000239. The NOID concludes with  USCIS statement of intent to deny the application. CAR000239.

On or about November 2, 2016, Fontenoy submitted its response to the NOID. CAR 000240-000413. The cover letter of the response pointed out that 8 CFR §214(g)(3)(i)(G) speaks specifically to relationships such as subsidiaries, parents

1

and affiliates. CAR000240-000241. Similarly, it asserts that there are no statute or regulation that prevents a beneficiary from pursuing multiple job offers, and H-1B petitioners. CAR000241. The response included statements and evidence to deny the alleged relationship with JMB Construction, and to establish its creditable offer of employment of a bona fide position that has the requisite employer-employee relationship. CAR 000240-000401. Specifically, the NOID also included the following exhibits:

1. Conformation from the California Secretary of State showing the active status, address and Agent for process of Fontenoy and JMB Construction CAR000243-000246

2. The Articles of Incorporation for Fontenoy, along with their stock certificates. CAR000247, CAR000249.

3. JMB Construction's statement of information along with their stock certificates. CAR000248, CAR000251-52.

4. The complete federal tax return filed by Fontenoy for 2015. 000253-000278;

5. The complete federal tax return filed by JMB Construction for 2015. 000279-000396;

6. A letter from a Chico state professor of Construction Management explaining that in the employment market for positions that someone of Mr. Goan's educational qualifications there is a shortage of workers and therefore it is common to have multiple simultaneous offers. CAR 000397.

Then on or about December 13, 2016, USCIS denied the petition. CAR000155-165. The decision cited several grounds, each considered independent and alternative basis for the denial. CAR000155-165. First, after again stating the entire text of 8 CFR §214(g)(3)(i)(G), as well as the same excerpt of the Federal Register regarding the intent of this regulation the denial found that Fontenoy and JMB Construction were "related entities" because of similarities in the filings, because

the sole owner of Fontenoy maintained 2.3% interest in JMB Construction. More concerning, the denial states, without explanation, that another factor was that Sean Burke was a Corporate Officer of Fontenoy. "Furthermore, from 1125-E of Fontenoy Engineering, Inc. 2015 tax returns also lists a Sean Burke as a paid officer for the company". CAR000157-000159. Next, the Director reasoned that because the Fontenoy and JMB Construction had both filed H-1B petitions for the same beneficiary, that it Fontenoy did not have a credible offer of employment or the required employer-employee relationship. CAR000159-000164. Finally, although USCIS did not question the Beneficiary's qualifications in its NOID, the Director concluded that the Beneficiary was not qualified for the requested specialty occupation because the record failed to establish that the beneficiary's foreign degree related to the proffered position.   CAR000164.

Following the denial, Plaintiff filed a Form I-290B Notice of Appeal with USCIS on or about January13, 2017 and submitted a brief of support of the appeal, with supporting evidence, on February 10, 2017. CAR00064-000152. The brief in support of the appeal argued that USCIS had applied an overbroad interpretation of "related entities", citing to the Administrative Appeals Office's ("AAO") decisions that addressed  8 CFR §214(g)(3)(i)(G). CAR00081-00084. At the time, the AAO had not published or adopted a decision addressing the issue, therefore the brief discussed the multiple unpublished decisions, and included the copies of the decisions as an exhibit.  CAR00081-00084. The brief also responded to the denial's unexplained mention of "Sean Burke" as a factor to support a relationship between the entities, explaining that Sean Burke, a corporate officer of Fontenoy, is not the same person as John Burke, a majority owner of JMB Construction, and that Sean Burke also had no ties to JMB Construction. CAR00082.  The brief included copies of contracts that Fontenoy had entered into to provide construction

service for various clients, none of whom are JMB Construction. CAR00096-000141.

The AAO dismissed the appeal on August 1, 2017. CAR00056. The decision did  not reach a deamination on the Director's conclusions that the proffered position was not a specialty occupation that the beneficiary was qualified for and that the requisite employer-employee relationship did not exist. CAR 00063. Instead, the  decision dismissed the appeal by agreeing with the Director the Plaintiff and the other petitioner  were "related entities" without a legitimate business need to file the petitions. CAR00058-00063.

In finding the entities to be related, the AAO considered factors are not included in the regulation, unpublished AAO decisions, nor the Federal Register. More concerning, these factors were also not asked about in the NOID, nor even mentioned in the denial. One such factor considered by the AAO was whether an "informal relationship" existed between Fontenoy and JMB Construction because of prior employment history; the AAO found that Fontenoy had "not sufficiently explained this aspect of the relationship" without acknowledging that there was no way for Plaintiff to anticipate that it should provide an explanation. CAR 00059. Next, the AAO responded to the appeal brief's contextualization of Sean Burke to Fontenoy, stating that Sean Burke shared the same last name as the majority owners of JMB Construction, and that Plaintiff failed to "address whether there existed a familial tie or another type of close relationship between these individuals". CAR00059. Finally, the AAO states that the Plaintiff had "not directly address whether there exists a working relationship between these or other significant individuals involved in each company's operations". CAR 00059.

The denial does not state an authority for these factors to constitute the type of relationship as intended by the regulations. The decision also fails to provide a definition of "related entities" within this context and instead  calls upon the

4

"ordinary meaning of the word" related  which "is to say that some sort of connection exists between the two." CAR00060.  The AAO then concludes the Plaintiff's had not provided enough evidence to establish that the two entities were not related. CAR00060.

Having found the entities to be related, the AAO then determines that the Plaintiff had not established that there was legitimate business need for Fontenoy and JMB Construction to each file a petition. CAR00061-00062. Again, the AAO did not cite to any authority for its interpretation of "legitimate business need" and instead states:

> Whether or not 8 CFR §214(g)(3)(i)(G) applies ultimately boils down to the nature and purpose of the employment being offered: each proffered positions must be materially distinct and must represent a creditable, bona fide job opportunity.  CAR00061.

The decision goes on to consider factors that are not mentioned in the regulation, and some that were not at issue in the NOID or denial. CAR 00061-00063. The AAO did not respond to Plaintiff's argument and supporting documentation of its contracted work that is fully unrelated to JMB Construction.

In order to address these concerns, the Plaintiff file on September 1, 2017, Plaintiff filed Motion to Reopen and Reconsider with the on or about September 1, 2017. CAR0006-00075. In its brief in support of the motions, Plaintiff address allegations made in the AAO's dismissal of the appeal. CAR 000011-000021. Specifically: That acquired his Aidan O'Sullivan's 2.3%  interest in JMB Construction though as an employee incentive from his prior employment with JMB Construction. CAR 000018-19. Also, that Sean Burke was in no way related to JMB Construction. CAR000020.

On February 28, 2018, the AAO issued its decision denying the motions. Regarding the motion to reopen, the AAO reasoned that because the newly

5

submitted evidence did not address *"all aspects"* of the relationship between Fontenoy and JMB Construction, the Plaintiff had not demonstrated that eligibility for the requested benefit.

**II. PROCEDURE HISTORY**

Following the AAO decision, Plaintiff filed this instant action on June 7, 2018. On August 10, 2018, Defendants filed a partial motion to dismiss, with this Court granting the partial motion to dismiss on December 10, 2018. Subsequently, after a case management conference that was held in this case, the Court ordered that the Plaintiff file a motion for summary judgment.

**III. STANDARD & SCOPE OF REVIEW**

Summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law … " *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute is "genuine" only if it could lead a reasonable fact-finder to return a verdict for the nonmoving party." *Id.* at 248.

The Rule 56 movant bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). A party opposing summary judgment carries a heavy burden – it "must point to concrete evidence in the record" – mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484

(3d Cir. 1995). A mere "scintilla of evidence" in favor of the nonmoving party, without more, will not give rise to a genuine dispute for trial. *Anderson*, 477 U.S. at 252.

This case Courts may resolve APA challenges by summary judgment. *Also see Nw. Ass'n v. U.S. Dep't Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). Under the Administrative Procedure Act, a court may only set aside a final agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 § U.S.C. 706(2)(A). Under this highly deferential standard, a court reviews the agency's decision to determine if it "articulated a rational connection between the factual findings and its decision." *Fence Creek Cattle Co. v. Forest Serv.*, 602 F.3d 1125, 1132 (9th Cir. 2010). Under this highly deferential standard, a court reviews the agency's decision to determine if it "articulated a rational connection between the factual findings and its decision." *Id* at 1132. The United States Supreme Court has held that an agency must engage in "reasoned decision-making." *Judulang v. Holder*, 132 S.Ct. 476(2011). A court can review whether the decision was based on "a consideration of the relevant factors" and whether "there has been a clear error of judgment." *Id.* at 484.

## IV. STATUTORY AND REGULATORY BACKGROUND

The regulation at 8 C.F.R. § 214.2(h)(2)(i)(G) states, in pertinent part, the following:

> An employer may not file, in the same fiscal year, more than one H-1B petition on behalf of the same alien if the alien is subject to the numerical limitations of section 214(g)(1)(A) of the Act or is exempt from those limitations under section 214(g)(5)(C) of the Act. If an H-1B petition is denied, on a basis other than fraud or misrepresentation, the employer may file a subsequent H-1B petition on behalf of the same alien in the same fiscal year, provided that the numerical limitation has not been reached or if the filing qualifies as exempt from the numerical limitation. Otherwise. filing

more than one H-1B petition by an employer on behalf of the same alien in the same fiscal year will result in the denial or revocation of all such petitions. If USCIS believes that related entities (such as a parent company, subsidiary, or affiliate) may not have a legitimate business need to file more than one H-1B petition on behalf of the same alien subject to the numerical limitations of section 214(g)(1)(A) of the Act or otherwise eligible for an exemption under section 214(g)(5)(C) of the Act, USCIS may issue a request for additional evidence or notice of intent to deny, or notice of intent to revoke each petition. If any of the related entities fail to demonstrate a legitimate business need to file an H-1B petition on behalf of the same alien, all petitions filed on that alien's behalf by the related entities will be denied or revoked.

## V. ARGUMENT

**A. The finding that Plaintiff was related to the other petitioner and lack a legitimate business need was based on an unauthorized interpretation of the regulation, was inconsistent and is arbitrary, capricious, and incorrect and therefore must be set aside**

In finding Plaintiff and JMB Construction as "related entities" in this case, the AAO applied the "ordinary meaning of the word" related,  which "is to say that some sort of connection exists between the two." CAR00060. In addition to the use of this overly broad interpretation, the factors considered and facts alleged changed at each level of the administrative process; meaning that, not only was the regulation broadly interpreted and applied but also Plaintiff had no way of knowing what information and documentation to submit to alleviate specific concerns regarding similarities with JMB Construction until after the decisions were issued. In applying an overly broad interpretation of the regulation and issuing a decision on grounds and matters not properly raised in the admirative process, USCSI and the AAO acted  arbitrary and capricious.

The relevant regulation that prohibits an employer and related entities from filing multiple H-1B petitions on behalf of the same beneficiary, does not define or describe what makes entities "entities". 8 C.F.R. 214.2(h)(2)(i)(G).   Instead the

8

text of the regulation includes, in parentheses, examples of such related entities. The regulation states: "related entities (such as a parent company, subsidiary, or affiliate.)"

In this case, the AAO called upon the "ordinary meaning of the word" related. CAR00060. Citing to the dictionary, the decision states that calling something related "is to say that some sort of connection exists between the two." CAR00060. The AAO's only justification cited for such a board meaning is an explanation that the regulation's use of the term "such as" provides examples and leaves open the additional types of relationships between entities. CAR00060. Clearly, some sort of connection exists between Plaintiff and JMB Construction, as well as between Plaintiff and every other heavy construction and engineering company in the Bay Area. Such an unauthorized interpretation is impractical and unreasonable, as it would allow any two petitioners to be related.

This interpretation is also inconsistent with the  intent of this regulation as articulated in the relevant Federal Register. 73 Fed. Reg. 15389-95. 15391-93 (Mar. 24. 2008). This Federal Register listing is sited to multiple time in the decisions issued in this case, but only ever includes the following excerpt:

> This rule does not, however, preclude related employers from filing petitions on behalf of the same alien. USCIS recognizes that an employer and one or more related entities (such as a parent, subsidiary or affiliate) may extend the same alien two or more job offers for distinct positions and therefore have a legitimate business need to file two or more separate H–1B petitions on behalf of the same alien.
> …
>
> A subsidiary should not file an H–1B petition for an alien just to increase the alien's chances of being selected for an H–1B number where that subsidiary has no legitimate need to employ the alien and is, instead, only filing a petition to facilitate the alien's hiring by a different, although related, subsidiary. USCIS may issue a request for additional evidence or notice of

intent to deny, or notice of intent to revoke for any or each petition if it determines that the employer and related entity(ies) filed a duplicate petition as defined in this regulation. See 8 CFR parts 103 and 214.2(h)(11). The burden rests with the employer to establish that it has a legitimate business need to file more than one H–1B petition on behalf of the same alien. If the employer does not meet its burden, USCIS may deny or revoke each petition, as appropriate. Without such authority, a loophole would exist for related employers to file multiple petitions on behalf of the same alien under the guise that the petitions are based on different job offers, when the true purpose of filing the petitions is to secure employment for the alien with a single employer seeking his or her services. As an example, one target of this provision is the unscrupulous employer that establishes or uses shell subsidiaries or affiliates to file additional petitions on behalf of the same alien in order to increase the alien's chances of being allotted an H– 1B number. USCIS believes that these consequences are warranted in order to deter unfair filing practices and further ensure the integrity of the H–1B cap counting process. *Id.* at 15392.

Notably, this excerpt excludes an entire paragraph that explains the rational behind the regulation's suggested examples of types of related entities.   CAR 000158. Specifically, here is the text that USCIS and the AAO have excluded with an ellipsis:

For example, a Fortune 500 company may be the parent company of numerous U.S.-based subsidiaries whose business is to engage in either the food, beverage or snack industries. Each line of business may, in turn, be divided into several business units and operate distinct companies (restaurant, bottled beverage plant, cereal manufacturer, etc) with different EIN numbers, addresses, etc. Although all the subsidiaries are ultimately related to the parent company through corporate ownership, this rule does not prohibit different subsidiaries from filing one H–1B petition each on behalf of the same alien so long as each employer/subsidiary has a legitimate business need to hire such alien for a position within that subsidiaries' corporate structure. Thus, in this example, if the bottled beverage plant owned by the Fortune 500 company and the cereal manufacturing company owned by the same Fortune 500 company are each in need of the services of

a Chief Financial Officer, both may file one petition each on behalf of the same alien *Id.* at 15392-15392.

To be clear, this is the only explanation of "related" and "legitimate business need" n in the Federal Register.

The Federal Register's example makes it clear that Fontenoy and JMB Construction do not have the " ultimate relationship" targeted by this prohibition. The corporate ownership is completely separate aside from the 2.3% interest held by Aiden O'Sullivan that was fully disclosed. Moreover, unlike the related entities in the example, where one entity provides beverages and the other snacks, Plaintiff, Fontenoy, and JMB Construction are in the same line of business: though there are major differences between the entities, they both offer heavy engineering and construction services to public and private clients. More importantly, unlike the example, Fontenoy and JMB Construction are competitors for the same business in the same geographical region. Accordingly, the interpretation of the regulation applied in this case is acted  arbitrary and capricious.

Moreover, the finding that Plaintiff and JMB Construction are "related entities" is inconstant with the AAO decision issued before the administrative processes to adjudicate this case ended. While AAO had not yet published a decision on the matter, there were multiple relevant unpublished AAO decisions, which provided more insight into the meaning of "related entities". As this case was being adjudicated, there were at least two AAO decisions on this issue. *Matter of D-R- Inc.* (AAO  June 13, 2016);(copy can be found at CAR 00090-00095); *Matter of F-, Inc.* ID#17286 (AAO July 27, 2016) (Non-Precedent Decision).

First, in *Matter of D-R- Inc.* the AAO found two entities that had petitioned for H-1B visas for the same beneficiary to be "related" because the entities were located in the same business location, had the same Chief Financial Officer and the petitions filed by the entities were "virtually identical". The most important factor

11

to the AAO in this case was that  both entities were 100% owned by the same individual, and right before the H-1B petitions were filed, the ownership of one of the entities was transferred to its Chief Technology Officer. The decision points out that in this context the change in ownership does not establish who controls the corporate entity.

Unlike the entities in *Matter of D-R- Inc*., Plaintiff and the other petitioning entity have separate business locations, although both in the Bay Area they are in different counties. As the Plaintiff has well established in its statements and evidence, it does not share any of the same management and corporate officers as JMB Construction. Finally, the ownership interest at issue here is Aiden O'Sullivan's 2.3% interest in JMB Construction, which is far less than the 100% interest at issue in  *Matter of D-R- Inc.* Moreover, owing 2.3% of JMB Construction provides him with no corporate control or influence over the company. To be sure, Aiden O'Sullivan's 100% interest in Fontenoy does imply his corporate control over that entity, but it also excludes the possibility that JMB Construction would have any corporate control over Fontenoy.

The AAO next considered the issue in *Matter of F-, Inc.*, where the AAO found that the petitioner was "related" to the other petitioner because the entities appeared to be "closely connected" in that both petitions identified the same-end client and the same worksite location. Most importantly to the AAO, one of the petitions included a letter from the petitioner admitting that it had been contracted with the other petitioning entity "for the professional services to be provided to this project which is a long-term assignment". Unlike the entities in  *Matter of F-, Inc* Plaintiff, Fontenoy, and JMB Construction both petitioned for Mr. Goan to be employed with them at their separate offices, not at an end-client's location. For that matter, Plaintiff, Fontenoy, and JMB Construction do not contract services

12

from each other and do not share the same end clients as evidenced by the multiple contracts for work submitted by Plaintiff. CAR 000097-000141.

As stated above, since issuing a decision on this case, USCIS has issued a Policy Memorandum and adopted the published AAO's decision in *Matter of S-Inc.* which provides official guidance as to what make entities "related" going forward. PM-602-0159 (March 23, 2018) and *Matter of S-Inc.* Even though this decision and its adoption as a policy came after the decisions on Plaintiffs' petition, *Matter of S-Inc.* and the Policy Memorandum nonetheless support Plaintiffs' argument that it is not related to JMB Construction.

Specifically, the policy memorandum and the AAO's finding in *Matter of S-Inc.* state that "related entities" include petitioners, whether or not related through corporate ownership and control, that file cap-subject H-1B petitions for the same beneficiary for substantially the same job. The memo does not elaborate on the factors the render two jobs to be "substantially the same", however it does cite to *Matter of S-Inc.* for further elaboration.

*Matter of S-Inc.* involved two petitioners that both filed H-1B petitions for the same beneficiary. The petitioners were not related to one another through corporate ownership and control, they had separate FEIN's, locations and management. However, the entities are deemed to be related because similar to *Matter of F-, Inc* both petitioning entities offered substantially the same job at the same end-client. In fact, both petitions contained identical letters from the end-client and the same two vendors. In other words, the jobs were substantially the same job in that, regardless of which petitioner was selected, the beneficiary would work at the same end-client though the same two vendors. To be clear, the AAO writes:

> Weather two jobs are "substantially the same" is an issue of fact that we determine based on the totality of the record. Some factors relevant to relatedness may include familial ties, proximity of locations, leadership

structure, employment history, similar work assignments and substantially similar supporting documents. *Id.* at 4.

Yet, in *Matter of S-Inc.* the AAO considered the totality of the record and found the petitioners to be "related" on the sole grounds that they offered the same job for the same end client thought the same vendors. To be clear, USCIS' Policy Memorandum does not mention any other factors that may be relevant to relatedness, and specifically states that entities are related when both offer the same beneficiary substantially the same job. And in *Matter of S-Inc.* the AAO found that the offered jobs were  substantially the same job because it was the same position, at the same end client though the same two vendors.

As explained above, Plaintiff and JMB Construction do not contract services from each other and do not share the same end clients. Plaintiff submitted various contracts showing some of the clients to whom they provide service. CAR 000097-000141.  Moreover, unlike the contractual relationships in *Matter of S- Inc.* and *Matter of F-Inc.* Plaintiff and JMB Construction petitions each make it clear that each intends to directly employ the beneficiary at its separate locations, to work on its construction projects and end clients.

Plaintiff fully acknowledges that USCIS and the AAO have discretion to interrupt 8 C.F.R. 214.2(h)(2)(i)(G). However, allowing a broad interpretation that is inconsistent with its other contemporaneous decisions is arbitrary and capricious and therefore must be set aside.


**B. The burden of proof applied in this case exceed the required "preponderance of the evidence" standard to make its findings, rendering the decision arbitrary and capricious therefore must be set aside**

Plaintiff does not dispute that it bears the burden of establishing eligibility for the requested benefit. While the denial in this case couched on the failure to meet this burden,  none of the decisions issued in this case state the applicable

14

burden of proof. The applicable burden in an H-1B petition is preponderance of the evidence, which means "more likely than not to be the case." *Matter of Chawathe*, 25 I&N Dec. 369, 375-76 (AAO 2010).

As discussed in detail above, in order to establish that Fontenoy is not related to JMB Construction, Plaintiff submitted evidence and statements to address each factor as soon as the factor was made know. Specifically, Plaintiff provided:

1. Conformation from the California Secretary of State showing the active status, address and Agent for process of Fontenoy and JMB Construction CAR000243-000246;

2. The Articles of Incorporation for Fontenoy, along with their stock certificates. CAR000247, CAR000249;

3. JMB Construction's statement of information along with their stock certificates. CAR000248, CAR000251-52;

4. The complete federal tax return filed by Fontenoy for 2015. 000253-000278;

5. The complete federal tax return filed by JMB Construction for 2015. 000279-000396;

6. A letter from a Chico state professor of Construction Management explaining that in the employment market for positions that someone of Mr. Goan's educational qualifications there is a shortage of workers and therefore it is common to have multiple simultaneous offers. CAR 000397;

7. Instructions for the IRS Form 1125-E CAR000022;

8. JMB Construction's Restricted Stock Issuance Agreements. CAR 000024;

9. Information about the San Francisco Local Business Enterprise program, and Fontenoy's participation in it. CAR 000045;

10. Contract and bid documents of Fontenoy's work, with multiple and various end clients. CAR000097-000141.

Plaintiff has met the required burden in this case; as soon as a factor was stated or an allegation was made, Plaintiff responded with amble facts and evidence at the next stage. Plaintiff responded to the allegations made in the NOID, only to find new allegations raised in the denial. In its appeal, Plaintiff responded to the new allegations that had been made in the denial, only to find new allegations raised in the AAO's denial of the appeal. Finally, Plaintiff made a motion to reopen and reconsider to responded to the new allegations that had been made in the denial, only to have the AAO deny because it did "not address all aspects of the relationship". CAR00003.

And in regard to the alternative argument, the documents and statements to show the legitimate business need for both entities to file petitioner were whole ignored in the denial of this petition. This issue was only discussed in the AAO's denial of the appeal, where its analysis was limited to further discussion of the similarities between the petitions. CAR 00061. Significantly, the decision does not even acknowledge the multiple and various contacts for construction projects submitted by the Plaintiff. CAR 00097. These contracts demonstrate the nature and type of the Plaintiff's work, and make it clear that such work does require the services of the proffered position. Moreover, these contracts identify the Plaintiff's multiple and various end clients. Because these documents were ignored, it is not known if these contracts for complex construction work that it is in no way related to JMB Construction, establishes the requisite "legitimate business need". At the same time, because the analysis of "legitimate business need" was simply additional allegations that the entities are related, it appears that there would be no evidence that Plaintiff could have provided to meet the burden applied in this case.

In denying the petition without reviewing the relevant submitted evidence and making factual allegations without allowing the Plaintiff to reply, a higher burden of proof, such as "clear and convincing" or "beyond a reasonable doubt" was applied in this case. Accordingly, the decision is arbitrary and capricious.

**C. The AAO applied an inappropriate standard in dismissing  Plaintiff's Motion to  Reopen rendering the decision arbitrary, capricious, and incorrect and therefore must be set aside**

The Plaintiff made a motion to reopen and reconsider the AAO's denial of its appeal. CAR0006. With the motion, Plaintiff included a brief wherein it responded to the factors that the AAO had considered in its denial of the appeal that were not at issue in the NOID or USCIS's denial. CAR000011-000021. Pursuant to 8 C.F.R. §  103.5(a)(1)(i) and 8 C.F.R. §  103.5(a)(3)  a Motion to Reopen requires the requestor to establish proper cause and to state new facts that are supported by evidence. 8 C.F.R. 103.5(a)(3).

Plaintiff had proper cause to file this motion because the facts stated in the motion were new in that, until the AAO issued its denial of the appeal, it was not known to anyone, including the Plaintiff, that these factors would be considered to determine a "relationship" between two entities. Plaintiff also, attached as exhibits to the brief, was documentation to support the facts that had been asserted in the brief.  CAR000022-000053.

The AAO's denial of the motion to reopen stated as its reasoning that the submitted evidence did not address "all aspects of the relationship" between Fontenoy and JMB Construction. CAR000003.  The AAO's denial of the motion to reopen is therefore inconsistent with the clear language of the regulations that govern such motions.

## V. Conclusion

The agency abused its discretion in finding that Fontenoy and JMB Construction are related entities without a legitimate business need and denying Plaintiff's H-1B petition for a nonimmigrant visa. At every stage of the administrative process, Fontenoy submitted, in good faith, statements and documents to establish, by a ponderance of the evidence, eligibility for approval of its petition responding to each factor as it was identified by USCIS and the AAO. USCIS and the AAO nonetheless abused its discretion by not only applying an overly broad interpretation of the regulation, but also considering facts without allowing Fontenoy to respond. Therefore, this court should grant Plaintiff's motion for summary judgment.


DATED:  May 13, 2019                          Respectfully submitted.


                                        _____/s/ James M. Byrne_____
                                        JAMES M. BYRNE, Esq.

## **CERTIFICATE OF SERVICE**

Case No. 4:18-cv-03361-DMR

I hereby certify that one copy of the foregoing Motion of Summary Judgement was served pursuant to the district court's ECF system as to ECF filers on May 13, 2019, to the following ECF filers:

Samuel P. Go
Senior Litigation Counsel
District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-9923
Fax: (202) 305-7000

/s/ Noreen Byrne
NOREEN I. BYRNE
Law Office of James M. Byrne
1374 Pacific Avenue
San Francisco, CA 94109
(415) 823-3753
Email: NByrne@Byrne-law.net

19